## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 2017-0014** |
| | ) | |
| **MARK ANTHONY WILLIAMS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Jeffrey B. C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Mark Anthony Williams*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Mark Anthony Williams' ("Defendant Williams") "Motion to Dismiss Information with Prejudice for Speedy Trial Act Violation" ("Motion to Dismiss"), filed on June 7, 2017, and the Government's "Response to Motion to Dismiss," filed on July 21, 2017. (Dkt. No. 52; Dkt. No. 66). In his Motion to Dismiss, Defendant Williams seeks dismissal with prejudice of the Information filed against him on Speedy Trial Act and Sixth Amendment grounds. For the reasons discussed below, the Court will deny the Motion to Dismiss.

## I. BACKGROUND

On February 27, 2017, the Government filed a two-count Complaint against Defendant Williams, along with three codefendants—Mohamed Nazim Hosein, Richard La Cruz, and Neville Jeffrey. (Dkt. No. 1). Count 1 charged the defendants with conspiracy to possess a

controlled substance on board a vessel in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b). (Dkt. No. 1).[1] Count 2 charged the defendants with possession of a controlled substance on board a vessel in violation of 46 U.S.C. § 70503(a)(1). *Id*.[2] Defendant Williams made an initial appearance before Magistrate Judge George W. Cannon, Jr., on February 27, 2017, during which the Magistrate Judge read Defendant Williams the charges against him and advised him of his rights. (Dkt. No. 3). At a detention hearing held on March 7, 2017, the Magistrate Judge found probable cause with respect to Counts 1 and 2 of the Complaint against Defendant Williams, and ordered him detained pending trial. (Dkt. No. 19; Dkt. No. 20).

On April 6, 2017, the Government filed an Information against the defendants, and arraignment was set for April 13, 2017. (Dkt. No. 27). The counts charged in the Information were identical to the counts charged in the Complaint with respect to all defendants. *Id*. The Magistrate Judge arraigned the defendants on April 13, 2017, at which time he also set deadlines for discovery and the filing of pre-trial motions, and scheduled a jury trial to begin on May 30, 2017. (Dkt. No. 29). On May 2, 2017, Defendant Hoseain and Defendant Jeffrey filed motions requesting that the

---

[1] Specifically, Count 1 alleged that "[o]n or about February 16, 2017, at St. Croix, in the District of the Virgin Islands," Defendant Williams and his co-defendants "did knowingly and intentionally conspire to possess, with intent to distribute, more than five (5) kilograms of a mixture and substance containing a detectible amount of cocaine hydrochloride (cocaine powder), a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States . . . ." (Dkt. No. 1 at 1).

[2] Specifically, Count 2 alleged that "[o]n or about February 16, 2017, at St. Croix, in the District of the Virgin Islands," Defendant Williams and his co-defendants "did knowingly and intentionally possess, with intent to distribute, more than five (5) kilograms of a mixture and substance containing a detectible amount of cocaine hydrochloride (cocaine powder), a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States . . . ." (Dkt. No. 1 at 2).

deadline for the submission of pre-trial motions be continued. (Dkt. No. 34; Dkt. No. 35).[3] Defendant La Cruz joined Defendant Hoseain's motion for the continuance of the deadline for submission of pre-trial motions on May 3, 2017. (Dkt. No. 38). Defendant Williams did not file a notice of joinder with respect to either Defendant Hoseain's or Defendant Jeffrey's motion.

On May 15, 2017, Defendant Williams filed a "Motion to Prohibit the Government from Introducing All Undisclosed Evidence Pursuant to Fed[eral] Rule [of Criminal Procedure] 16(d)(2)(C)" ("Discovery Motion"). (Dkt. No. 41). In his Discovery Motion, Defendant Williams stated that as of May 15, 2017, he had received no discovery from the Government despite the April 20, 2017 discovery deadline set by the Magistrate Judge. *Id*. at 2. Defendant Williams also alleged that his "constitutional rights and his right to a speedy trial has [sic] been violated" and objected to a continuance of the original May 30, 2017 trial date. *Id*. On May 16, 2017, the Magistrate Judge set an expedited briefing schedule with respect to Defendant Williams' Discovery Motion. (Dkt. No. 42).

Also on May 16, 2017, Defendant Jeffrey filed an "Unopposed Motion to Continue Jury Trial." (Dkt. No. 43). The Magistrate Judge granted Defendant Jeffrey's motion later that day. (Dkt. No. 44). In his Order granting the motion, the Magistrate Judge concluded that the "ends of justice" supported a continuance based on (1) the participation of Defendant Jeffrey's counsel in a trial in a different matter "expected to last several weeks and beyond May 30, 2017;" (2) counsel for Defendant Jeffrey's need for "more time to interview witnesses and prepare for trial and/or to

---

[3] In his "Motion to Continue and Extend Pretrial Motions Deadline," Defendant Hoseain stated that he had received no discovery from the Government as of May 2, 2017, despite discovery deadlines set by the Court. (Dkt. No. 34 at 2). Defendant Jeffrey's "Motion to Extend Deadline to File Motions" requested an extension of the deadline for submission of pre-trial motions based on (1) the fact that his "[c]ounsel's investigation will last at least 45 days at which time he may seek the issuance of Letters Rogatory or file dispositive motions," and (2) his counsel was in trial on another case that was "expected to last a few weeks." (Dkt. No. 35 at 1).

pursue and negotiate a pretrial disposition of the case;" and (3) the Government's lack of objection to the continuance. *Id.* at 1.

On June 7, 2017, Defendant Williams filed the Motion to Dismiss under consideration here. In his Motion, Defendant Williams argues that the 70-day statutory period for the commencement of trial established by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, has expired. (Dkt. No. 52 at 2). Defendant Williams advances this argument based on his calculation that, as of June 7, 2017, "100 days ha[d] passed since the filing of the Complaint and [his] first appear[ance] before the Court." *Id.* Defendant Williams also argues that his right to a speedy trial as guaranteed by the Sixth Amendment has been violated as a result of delays in the start of trial. *Id.* He contends that, as a result of the alleged violations of the Speedy Trial Act and his Sixth Amendment rights, the Information against him should be dismissed with prejudice. *Id.*

The Government responds that Defendant Williams erroneously identified the date of his first appearance before the Court—February 27, 2017—as the starting point for the calculation of the Speedy Trial Act's statutory period. The Government contends that the appropriate "starting point for calculating Defendant's 70-day period is April 6, 2017, the date the [I]nformation was filed." (Dkt. No. 66 at 3). The Government further contends that Defendant Williams failed to account for statutorily-established periods of delay that exclude certain periods of time from the speedy trial clock calculation. *Id.* at 2-3. Specifically, the Government argues that the speedy trial clock was tolled as of May 15, 2017, when Defendant Williams filed his Discovery Motion, which was still pending resolution as of the date that he filed the instant Motion to Dismiss. *Id.* at 3. As such, the Government asserts that the 70-day statutory period for the commencement of trial has not expired because only 39 non-excludable days passed between the filing of the Information and the filing of Defendant Williams' Discovery Motion. *Id.* at 4.

## II.    DISCUSSION

### A.    The Speedy Trial Act

The Speedy Trial Act establishes that

[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, *or* from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*.

18 U.S.C. § 3161(c)(1) (emphasis added). If a defendant is not brought to trial within the 70-day period established by the Speedy Trial Act, "the information or indictment shall be dismissed on motion of the defendant," with or without prejudice. 18 U.S.C. § 3162(a)(2); *United States v. McNeil*, 416 F. App'x 227, 229 (3d Cir. 2011). The defendant bears the burden of establishing a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2).

The Speedy Trial Act recognizes that certain "periods of delay" are excludable from the 70-day trial clock. 18 U.S.C. § 3161(h). The statute provides, in pertinent part:

**(h)** The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
**(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
* * *
**(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
* * *
**(H)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
* * *
**(6)** A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
* * *
**(7)(A)** Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the

> ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h). Additionally, in the context of a multi-defendant case, "an exclusion applicable to one defendant applies to all codefendants" under U.S.C. § 3161(h)(6), unless a severance is granted. *United States v. Claxon*, 766 F.3d 280, 292 (3d Cir. 2014) (internal citations and quotations omitted).

In his Motion to Dismiss, Defendant Williams contends that 100 non-excludable days passed between his initial appearance before the Court on February 27, 2017, and the filing of his Motion to Dismiss on June 7, 2017, resulting in a violation of the 70-day statutory period established by the Speedy Trial Act. (Dkt. No. 52 at 2). As an initial matter, the Court finds that Defendant Williams erroneously identified February 27, 2017 as the date on which the speedy trial clock began to run. The Speedy Trial Act establishes that the clock begins to run as of "the filing date (and making public) of the information or indictment, *or* from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*." 18 U.S.C. § 3161(c)(1) (emphasis added); *see also United States v. Willaman*, 437 F.3d 354, 358 (3d Cir. 2006) ("[C]ourts are required to treat an indictment of a defendant as the triggering event for running the clock under section 3161(c)(1) when a defendant has appeared before a judicial officer prior to indictment . . . ."). Although Defendant Williams first appeared before the Magistrate Judge on February 27, 2017, the Information was not filed until April 6, 2017. As such, the speedy trial clock did not begin to run until April 6, 2017.

Defendant Williams also ignores periods of delay that are excludable from the speedy trial clock calculation. Defendant Williams filed his Discovery Motion on May 15, 2017. The Speedy Trial Act establishes that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded

from the speed trial clock calculation. 18 U.S.C. § 3161(h)(1)(D); *see also United States v. Arbelaez,* 7 F.3d 344, 347 (3d Cir. 1993) ("Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of [the Speedy Trial Act] and creates excludable time, even if it does not in fact delay trial.") (citing *United States v. Novak*, 715 F.2d 810, 813 (3d Cir. 1983)). As such, the speedy trial clock was tolled as of May 15, 2017, when Defendant Williams filed his Discovery Motion. Resolution of the Discovery Motion was still pending on June 7, 2017, when Defendant Williams filed the instant Motion to Dismiss.[4] Between April 6, 2017 and May 15, 2017, 38 non-excludable speedy trial days are counted, far short of the 70 days required to establish a Speedy Trial Act violation.[5]

The Court further notes that Defendant Jeffrey filed a Motion to Continue Trial on May 16, 2017. (Dkt. No. 43). The Magistrate Judge granted the motion the same day, specifically finding that the continuance was "in the best interest of justice" based on the participation by counsel for Defendant Jeffrey in another trial and that counsel's need for further time to interview witnesses and prepare for trial in the instant case. (Dkt. No. 44 at 1). The Magistrate Judge's

---

[4] The Court did not schedule a hearing on Defendant Williams' Discovery Motion. Where no hearing is scheduled on a pretrial motion, the Speedy Trial Act establishes that a period of 30 days "during which any proceeding concerning the defendant is actually under advisement by the court" is excludable from the speedy trial calculation. 18 U.S.C. § 3161(h)(1)(H); *see also United States v. Felton*, 811 F.2d 190, 196-97 (3d Cir. 1987) (holding that "[p]retrial motions are included within the scope of [this] subsection" and further recognizing that "when multiple motions have been filed, some courts have concluded that the thirty-day limitation of [the] subsection [] does not apply inflexibly"). In this instant case, Defendant Williams' Discovery Motion had been under advisement by the Court for 22 days at the time he filed his Motion to Dismiss. Those days are excludable under the Speedy Trial Act.

[5] Neither April 6 nor May 15 are counted for purposes of the speedy trial clock calculation. *Willaman*, 437 F.3d at 359 (quoting *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir.1984)) ("In calculating includable time [for Speedy Trial Act purposes] both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded.").

decision to grant Defendant Jeffrey's motion tolled the speedy trial clock with respect to all four defendants. *See* 18 U.S.C. § 3161(h)(7)(A) (establishing that "[a]ny period of delay resulting from a continuance granted by any judge [is excludable] . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"); *Arbelaez*, 7 F.3d at 347 ("[A]fter defendants are joined for trial, 'an exclusion applicable to one defendant applies to all codefendants' . . . [and, t]herefore, a motion for a continuance by counsel for [one] codefendant [] would create excludable days for [another].") (quoting *Novak*, 715 F.3d at 815; *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980)).

In sum, the Court finds that Defendant Williams has failed to demonstrate that a Speedy Trial Act violation occurred. The filing of Defendant Williams' Discovery Motion and the continuance granted by the Magistrate Judge at his codefendant's request tolled the speedy trial clock. Accordingly, the Court will deny Defendant Williams' Motion to Dismiss the Information against him on Speedy Trial Act grounds.

### B. Sixth Amendment Speedy Trial Rights

Defendant Williams also argues that his Sixth Amendment right to a speedy trial was violated by the delay in the commencement of trial. The Court finds that a Sixth Amendment violation has not been established.

The speedy trial right guaranteed by the Sixth Amendment is "amorphous, slippery, and necessarily relative." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (internal quotations and citations omitted). Recognizing that certain delays are inherent to the prosecution of criminal cases, the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), crafted "[a] balancing test, in which the conduct of both the prosecution and the defendant are weighed" to determine whether a

defendant's constitutional speedy trial right has been violated. *Id.* at 530. "The inquiry focuses on: (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Barker*, 407 U.S. at 530).

The first factor—the length of the delay—"is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. In other words, "[t]he threshold question under *Barker* is whether the length of delay was sufficient to trigger analysis of the remaining factors." *Claxton*, 766 F.3d at 294. Generally, courts have found delays to be "long enough to trigger further review of *Barker* factors" as they approach one year. *Velazquez*, 749 F.3d at 174 (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)); *see also United States v. Wilson*, 216 F. Supp. 3d 566, 576 (E.D. Pa. 2016) ("If the delay is short enough—less than approximately one year—then the court can rely on that factor alone and need not consider the other factors."). The Third Circuit recognizes that "a delay of even fourteen months is sufficient to trigger review of the remaining *Barker* factors," although "longer delays can be tolerated . . . when the crime is very serious or complex." *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) (internal quotations and citations omitted).

For purposes of Defendant Williams' Sixth Amendment speedy trial claim, the starting point for the calculation of delay is the date of his arrest. *See id.* ("In general, delay is measured from the date of arrest or indictment, whichever is earlier . . . ."). Defendant Williams was arrested on February 16, 2017. (Dkt. No. 1-1 at 4). When he filed the instant Motion to Dismiss on June 7, 2017, less than four months had passed since the date of his arrest. A four month delay—

particularly where Defendant Williams is charged in a complex, multi-defendant narcotics trafficking case—is insufficient to create a presumption of prejudice for purposes of a Sixth Amendment speedy trial claim. Because the four month delay creates no presumption of prejudice, a review of the remaining *Barker* factors is unnecessary. Accordingly, the Court will deny Defendant Williams' Motion to Dismiss the Information against him on Sixth Amendment grounds.

## III.    CONCLUSION

For the reasons set forth above, the Court will deny Defendant Williams' Motion to Dismiss on Speedy Trial Act and Sixth Amendment grounds. An appropriate Order accompanies this Memorandum Opinion.

Date: February 26, 2018                                    _____/s/_____
                                                           WILMA A. LEWIS
                                                           Chief Judge