# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2017-0014 |
| | ) | |
| MARK ANTHONY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Jeffrey B. C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Mark Anthony Williams*

## MEMORANDUM OPINION & ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Mark Anthony Williams' ("Defendant Williams") "Motion to Prohibit the Government from Introducing All Undisclosed Evidence Pursuant to Fed[eral] Rule [of Criminal Procedure] 16(d)(2)(C)" ("Motion to Exclude" or "Motion") (Dkt. No. 41) and the Government's Response to Defendant Wiliams' Motion to Exclude ("Response") (Dkt. No. 67). For the reasons that follow, Defendant Williams' Motion will be denied.

Defendant Williams filed the instant Motion to Exclude on May 15, 2017. At that point, the jury trial in this matter was scheduled for May 30, 2017, and Defendant Williams had yet to receive discovery from the Government despite an April 20, 2017 discovery deadline. (Dkt. No. 41 at 2). He therefore requested that the Court enter an order pursuant to Federal Rule of Criminal

Procedure 16(d)(2)(C) prohibiting the Government from introducing all undisclosed evidence as a sanction for its failure to produce discovery. *Id.* at 1.

On May 16, 2017, Magistrate Judge George W. Cannon, Jr., granted a motion to continue the jury trial filed by Defendant Williams' co-defendant, Neville Jeffrey. (Dkt. No. 44). In granting Defendant Jeffrey's motion, the Magistrate Judge concluded that the "ends of justice" supported a continuance based on (1) the participation of Defendant Jeffrey's counsel in a trial in a different matter "expected to last several weeks and beyond May 30, 2017;" (2) the need expressed by counsel for Defendant Jeffrey for "more time to interview witnesses and prepare for trial and/or to pursue and negotiate a pretrial disposition of the case;" and (3) the Government's lack of objection to the continuance. *Id.* A new trial date was set for August 7, 2017. (Dkt. No. 56). Following a series of subsequent continuances, the jury trial in this matter was rescheduled to commence on December 3, 2018.

The Government represents in its Response to Defendant Williams' Motion that it produced 40 pages of discovery to Defendant Williams on May 22, 2017, followed by an additional 151 documents on June 16, 2017. (Dkt. No. 67 at 1). The Government asserts that—as of the July 21, 2017 date on which its Response was filed—the only outstanding discovery was a laboratory report that had not yet been received by the Government. *Id.* While the Government acknowledges that it failed to meet the April 20, 2017 discovery deadline, it asserts that this failure was the result of Government counsel's preoccupation with a separate six-defendant trial, and that the delayed disclosure was not part of a strategy to gain a tactical advantage at trial. *Id.* at 2. The Government also contends that, in light of the continuance of the trial, the Government's discovery delay has caused Defendant Williams no prejudice, such that the remedy he seeks would be an inappropriate sanction. *Id.*

Federal Rule of Criminal Procedure 16 ("Rule 16") establishes the parties' discovery obligations. Pursuant to Rule 16(d)(2), where a party fails to meet its discovery obligations, "the district court is empowered to order that party to comply with [] Rule [16], grant a continuance, exclude the evidence, or enter other just relief." *United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009) (citing FED. R. CRIM. P. 16(d)(2)). "In determining an appropriate remedy, a district court should consider the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad faith, and the degree of prejudice to the opposing party." *Id.* (citations omitted). Whether the sanctions provided in Rule 16(d)(2) should be imposed is a matter of the district court's discretion. *United States v. Jones*, 503 F. App'x 174, 178 (3d Cir. 2012) (quoting *United States v. Lopez,* 271 F.3d 472, 484 (3d Cir. 2001) ("Rule [16] does not require a district court to do anything.")). "A trial court should, however, 'impose the least severe sanction that will accomplish prompt and full compliance with the discovery order.'" *Jacobs v. Gov't of Virgin Islands*, 53 F. App'x 651, 652 (3d Cir. 2002) (quoting *United States v. Ivy,* 83 F.3d 1266, 1280 (10th Cir. 1996))

Under the circumstances here, the Court finds that exclusion of the evidence that the Government failed to disclose by the April 20, 2017 discovery deadline would be a wholly improper remedy for the Government's delayed disclosure. While the Court demands strict compliance with its discovery orders, there is no indication in this case that the Government's delay was the product of bad faith. Further, the delay has caused Defendant Williams no prejudice, as he received virtually all of the Government's discovery (with the exception of the laboratory report) by June 2017—providing him with more than ample time to prepare for the trial scheduled to commence on December 3, 2018. Accordingly, because the Court finds that the Government's

3

delay in producing discovery was not the product of bad faith and has not resulted in prejudice to Defendant Williams, the Motion to Exclude will be denied.[1]

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

**ORDERED** that Defendant Williams' Motion to Exclude (Dkt. No. 41) is **DENIED**.

**SO ORDERED**.

Date: October 9, 2018
　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　　　Chief Judge

---

[1] To the extent Defendant Williams alleges that his rights under the Constitution and the Speedy Trial Act have been violated (Dkt. No. 41 at 2), the Court ruled on the those arguments in its February 26, 2018 Order (Dkt. No. 108) denying Defendant Williams' Motion to Dismiss for Speedy Trial Act Violation (Dkt. No. 52). As explained in the Memorandum Opinion accompanying its Order, Defendant Williams failed to demonstrate that his constitutional rights or his right to a speedy trial have been violated. (Dkt. No. 109). Accordingly, there is no need for the Court to address those claims again here.